■ In the Matter of SCOTT-TEXTOR PRODUCTIONS, Petitioner, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— REYNOLDS, J. P. Proceeding under CPLR article 78 ·(transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review

a determinaton of the State Tax Commission which sustained the assessment of an unincorporated business tax upon the petitioner pursuant to article 23 of the Tax Law. The petitioner, a partnership engaged in providing advertising messages in verse which are set to music and sung, has been found by the commission, following a hearing, not exempt under subdivision (c) of section 703 of the Tax Law as engaged in a profession and thus subject to the unincorporated business tax. We find no basis in the instant record to disturb that determination. Ordinarily the production and sale of advertisements is a business activity and not a profession, and the commission could properly determine that the conceded educational background and talent of the partners did not require a departure from that concept especially since there was no showing that the partners' education or degree of talent was required to produce the advertising messages involved (*Matter of White* v. *Murphy,* 11 A D 2d 854, affd. 9 N Y 2d 995). Nor is there any constitutional violation of equal protection or due process in the commission's determination that the activities of an artist who writes for motion pictures, plays, television or radio (i.e., dramatic writing or serious composing) are exempt while petitioner's production of advertising messages is not. The distinction is obviously premised upon the degree of expertise, training, and background required for the activity, and thus is a reasonable one to draw (*People ex rel. Moffet* v. *Bates,* 276 App. Div. 38, affd. 301 N. Y. 597). Petitioner also urges that in any event it was improper to include in the partnership's income those fees paid by advertising agencies to the individual partners and which were in turn assigned to the partnership citing *Matter of Vorhees* v. *Bates* (308 N. Y. 184) and *Matter of Shearson, Hammill & Co.* v. *State Tax Comm. of State of N. Y.* (19 A D 2d 245, affd. 15 N Y 2d 608). However, it is clear that the individual partners paid their fees to the partnership, that no matter which individual was paid, the production of the advertisements was in effect a joint operation and that the income derived therefrom thus properly belonged to the partnership. Accordingly, *Voorhees* and *Shearson, Hammill & Co.* are clearly distinguishable, and the commission's inclusion of those funds in petitioner's income for tax purposes must, therefore, be sustained. Finally, we find no basis for setting aside the determination on the grounds that the commission failed to abide by its own regulations (20 NYCRR 601.6 [b]) and that the case was not disposed of more quickly (Tax Law, § 689, subd. [a]). While the hearing officer admittedly did not issue a recommendation to the commission as required by the regulations, all other requirements of the regulations were clearly complied with, particularly the making of findings on issues of fact, and thus there was substantial compliance with the regulations. And while there existed a five-year interval between the hearing and the ultimate disposition of the case, there is no indication of deliberate delay or that the commission was unduly slow in its disposition of this case relative to others which have come before it, nor is there any evidence of a request by petitioner to speed the process. Determination confirmed and petition dismissed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.